# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 7, 2014 Session

## STATE OF TENNESSEE v. DONALD LEE REBURN

**Appeal from the Circuit Court for Tipton County**
**No. 7407     Joseph H. Walker, III, Judge**

---

**No. W2013-01281-CCA-R3-CD  - Filed February 27, 2014**

---

Appellee, Donald Lee Reburn, pleaded guilty to theft of property valued at $1,000 or more but less than $10,000.  At his guilty plea submission hearing, the trial court sentenced him as a persistent offender to ten years, suspended to probation.  The State has appealed and argues that the trial court erred by sentencing appellee without a sentencing hearing and without a presentence report.  Following our review, we reverse the judgment of the trial court and remand for a sentencing hearing.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

ROGER A. PAGE, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Robert E. Cooper, Jr, Attorney General and Reporter; J. Ross Dyer, Senior Counsel; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the appellant, State of Tennessee.

Gary F. Antrican, District Public Defender; and David S. Stockton, Assistant District Public Defender, Covington, Tennessee, for the appellee, Donald Lee Reburn.

## OPINION

### I.  Factual Background

On July 9, 2012, appellee was indicted for theft over $1,000 but less than $10,000. The State filed a Notice of Intent to Seek Enhanced Punishment on July 12, 2012, in which the State argued that appellee was a career offender based on his prior convictions.

Subsequently, appellee entered into a plea agreement with the State without a recommended sentence. Appellee agreed to plead guilty to the charged offense, and the parties agreed that the trial court would sentence appellee. Appellee entered his guilty plea on May 7, 2013. At the hearing, the State provided the following factual basis for the plea: A citizen reported that scrap metal had been stolen from his property in Tipton County and that the value of the stolen property was over $1,000. Appellee, while incarcerated on unrelated charges, initiated a conversation with a detective and confessed to stealing the scrap metal. According to the detective, appellee provided information that only the person responsible would have known. Following the State's recitation of the factual basis for the plea, appellee's counsel asked that the trial court accept appellee's plea and that the trial court consider allowing appellee to undergo rehabilitation at Harbor House. Appellee's counsel provided a proposed order to the trial court regarding rehabilitation but noted that a sentencing hearing would not be possible on the day of the plea acceptance hearing because a presentence report had not yet been prepared.

After questioning appellee, the trial court accepted his guilty plea. Immediately thereafter, the trial court sentenced appellee to ten years, suspended to probation, and signed the order allowing appellee to enter rehabilitation at Harbor House. This appeal from the State follows.

## II. Analysis

The State argues on appeal that the trial court erred by sentencing appellee without holding a sentencing hearing. Appellee replies that the trial court did not err because it was familiar with appellee's situation and because the State did not object below; however, appellee did not support his argument with citations to any appropriate authority. Therefore, appellee has waived his argument. *See* Tenn. Ct. Crim. App. R. 10(b).

This court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his

own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4).

The statutory provision governing sentencing hearings states, "Before imposing sentence or making other disposition upon acceptance of a plea of guilty or upon a verdict or finding of guilty, the court shall conduct a sentencing hearing without unreasonable delay." Tenn. Code Ann. § 40-35-209(a). In addition, "[a]t the sentencing hearing, the court shall afford the parties the opportunity to be heard and present evidence relevant to the sentencing of the defendant." Tenn. Code Ann. § 40-35-209(b). Tennessee Code Annotated section 40-35-203(a)-(b) provides that a trial court must hold a sentencing hearing unless the parties have agreed to a sentence and the trial court accepts the agreed-upon sentence. The same statute further states that the preparation of a presentence report is in the trial court's discretion but that "[t]here shall be a presentence report and hearing on any issue of sentencing not agreed upon by the parties and accepted by the court." Tenn. Code Ann. § 40-35-203(b).

In this case, the parties did not agree on a sentence prior to the plea submission hearing. Both parties mentioned to the trial court that a sentencing hearing would be necessary at a later date. Moreover, there were clearly issues of sentencing about which the parties did not agree, thus necessitating the preparation of a presentence report. In particular, the State sought to have appellee sentenced as a career offender, which would have resulted in a sentence of twelve years for the Class D felony that would not have been probatable. *See* Tenn. Code Ann. §§ 40-35-108(a)(3), (d); -112(c)(4); -303(a). On the other hand, appellee sought to have his entire sentence suspended to probation. Under our sentencing statutes, therefore, the trial court was required to hold a sentencing hearing and to order a presentence report prepared prior to the hearing. Instead, the trial court sentenced appellee without a presentence report and without a sentencing hearing. Therefore, we conclude that the trial court abused its discretion in sentencing appellee. We reverse the trial court's decision and remand for a sentencing hearing.

## CONCLUSION

Based on our review of the record, the parties' arguments, and the applicable law, we reverse the judgment of the trial court and remand for a sentencing hearing.

_____
ROGER A. PAGE, JUDGE